UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF RHODE ISLAND


In re:

    ROBERT LOISEL                                BK No. 12-10404
    SHAWNA LOISEL
            Debtor(s)                            Chapter 13


### ORDER CONFIRMING CHAPTER 13 PLAN

   The Debtor(s) filed a Chapter 13 Plan (The "Plan") on February 16, 2012. Debtor(s) filed a Certificate of Service on February 16, 2012, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1.   The Plan is confirmed.  The term of the Plan is 60 months.

2.   The motion to modify the first mortgage secured claim of Bank of America is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the first mortgage in favor of Bank of America on the Debtors' property at 10 Richard St., Cranston, Rhode Island shall not be effective unless and until completion of the Chapter 13 Plan.

     The motion to modify the second mortgage secured claim of Bank of America is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the second mortgage in favor of Bank of America on the Debtors' property at 10 Richard St., Cranston, Rhode Island shall not be effective unless and until completion of the Chapter 13 Plan.

3.   The motion to avoid the lien of Roch's Fruit & Produce recorded in the Land Records of the City of Cranston at Book 4108, Page 36 is granted.

4.   The motion to assume or reject lease N/A

5.   In addition to pre-confirmation payments of $685.00 made by the debtors, the employer of the Debtor, Phenix Home Care, Attn: Payroll Dept., 227 Phenix Ave., Cranston, RI 02920, shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $228.00 per month for the months of June 2012 through and including November 2012 and then $649.00 per month for the months of December 2012 through and including February 2017.

6.   The effective date of confirmation of the Plan is April 12, 2012.

7.   The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

8.   Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

9.   The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

10.  The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

11.  The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

12.  The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

13. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

14. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

15. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

16. This order is effective for the plan confirmed on April 12, 2012 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

ORDER:                                    ENTER:

 CS                                       _____
_____
Deputy Clerk                              Arthur N. Votolato
                                          U.S. Bankruptcy Judge
                                          Date: 5/9/2012

Entered on: 5/9/2012

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Robert Loisel, 40 Edgewood Ave., Providence, RI 02905 and Shawna Loisel, 10 Richard St., Cranston, RI 02910 and electronically mailed to Edward Gomes, Esq. at attyejg@yahoo.com on May 1, 2012.

/s/ Martha Hunt

In re:   Robert & Shawna Loisel                    BK-12-10404

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A. DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B. ADMINISTRATIVE CLAIMS

   Attorney's fees due to Edward Gomes, Esq. in the amount of $2,200.00 shall be paid first.

C. PRIORITY CLAIMS

   Priority tax claims for which claims are properly filed shall be paid next.

D. SECURED CLAIMS

   Bank of Americae will be paid its pre-petition first mortgage arrearage in the approximate amount of $25,179.00 next after payment of administrative and priority claims.

   The debtor(s) shall be responsible for the ongoing monthly first mortgage payments to Bank of America.

E. UNSECURED CLAIMS

   All unsecured creditors filing claims duly proved and allowed by the Court will receive a pro rata distribution of the funds received under the Plan.

F. OTHER PERTINENT PROVISIONS

   None